Argued and submitted April 4, peremptory writ issued July 10, 1984

STATE ex rel GERTTULA,
*Plaintiff-Relator,*

*v.*

HUNNICUTT,
*Defendant.*

(Nos. 83-262, 83-263; SC 29928)

687 P2d 777

Wayne Mackeson, Portland, argued the cause for defendant. With him on the briefs was Des Connall, Portland.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for plaintiff-relator. With him on the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem.

JONES, J.

## JONES, J.

This case comes before the court on an alternative writ of mandamus to review an order by the Honorable John F. Hunnicutt which allowed the introduction of polygraph evidence in a criminal trial.

Harry Sherman Flavel was charged by the State of Oregon in the Clatsop County Circuit Court with assault in the first degree and attempted murder. The charges stem from Flavel stabbing and seriously injuring Alec Josephson.

Prior to trial, Flavel underwent an "ex parte" polygraph examination conducted by Dr. Stanley Abrams at defense counsel's request. These tests were conducted by Dr. Abrams utilizing the following control questions on the issue of self defense:

1. Did Josephson threaten to kill you several times (before the stabbing)?

2. Did Josephson throw you against the wall a number of times?

3. When you used the knife on Josephson, at that time did you believe that he might kill you?

Dr. Abrams concluded that Flavel was being truthful as to the first and third questions, but that Flavel's response was inconclusive in reference to Josephson throwing Flavel against the wall.

This evidence was offered during an omnibus hearing conducted by the defendant, a circuit judge serving in Clatsop County. After the omnibus hearing, the defendant-judge issued the following letter opinion and order:

"This matter came on for hearing on the 1st day of July, 1983, upon defendant's [Flavel's] Motion for Admission of Expert Testimony Regarding Defendant's Polygraph Examination, the defendant appearing personally and by counsel, Des Connall, and the State appearing by Don H. Haller, III, Deputy District Attorney for Clatsop County, Oregon. The court, having heard the testimony of Stanley Abrams, a clinical psychologist who administered a polygraph examination to the defendant in the above-entitled case, and having read defendant's memorandum in support of Motion for Admission of Expert Testimony Regarding Defendant's Polygraph Examination, and being fully informed in all of the

premises contained therein, makes the following FINDINGS OF FACT and CONCLUSIONS OF LAW:

"1.   Dr. Stanley Abrams is licensed and qualified to administer polygraph examinations, and by his knowledge, skill, experience, training and education, is qualified as an expert and may therefore testify thereto in the form of an opinion;

"2.   Dr. Stanley Abrams' testimony will appreciably help and assist the trier of fact in understanding the evidence and factual issues in the above-entitled case; and

"3.   Based upon the record in this particular case, there is credible evidence demonstrating that the polygraph examination administered by Dr. Stanley Abrams is reasonably reliable.

"THEREFORE, IT IS HEREBY ORDERED that defendant's Motion in this matter is allowed under the following conditions:

"1.   That defendant provide the State with copies of the polygraph examination administered by Dr. Abrams along with its results;

"2.   That defendant submit himself to examination by a qualified polygrapher of the State's choosing; and

"3.   That defendant answer all relevant questions concerning the issues before this court without claim of fifth amendment exemption."

Based upon our decision in *State v. Brown,* 297 Or 404, 687 P2d 751 (1984), the trial judge had no discretion to issue the order because polygraph evidence is inadmissible. The defendant-judge is ordered to rescind the above omnibus hearing order entered August 2, 1983.

Peremptory writ issued.